UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH LESCHINSKY and : 
ANDREW PISKO, :
            :
        Plaintiffs, :     CIVIL ACTION - LAW
            :
     v. :     JURY TRIAL DEMANDED
            :
ELIZABETH CACERES, :
            :     No.
            :
        Defendant. :

## COMPLAINT

Plaintiffs Keith Leschinsky and Andrew Pisko, by and through their attorneys, Barry H. Dyller, Esq., Tara G. Giarratano, Esq., and Dyller & Solomon, LLC, for their Complaint allege as follows:

## JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 1983, *et seq* and the common law.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and upon information and belief the defendant resides in this district.

## THE PARTIES

3. Plaintiffs Keith Leschinsky (Mr. Leschinsky) and Andrew Pisko (Mr. Pisko) are, and at all times relevant hereto were, residents of Old Forge, Lackawanna County, Pennsylvania.

4. Defendant Elizabeth Caceres is an officer in the Old Forge police department.

5. Upon information and belief, Caceres is a resident of Lackawanna County, Pennsylvania.

## FACTUAL HISTORY

6. On August 8, 2021, Mr. Pisko inquired on Facebook about hiring someone to escort his kindergarten-age son off the school bus and up the street to a relative's house on a daily basis during the upcoming school year.

7. In his post, Mr. Pisko explained that a reason for his inquiry was a property near the bus stop which Mr. Pisko perceived to be a "problem/nuisance property." Mr. Pisko explained that the residents of this property raced cars and ATVs up and down the street, and that he was concerned for his son's safety getting off the bus: "This is very unfortunate that I have to do this to ensure my son gets home from [the] bus stop safely

2

because of a few disrespectful kids that have no concern for the neighborhood or the safety of the neighborhood children."

8. Mr. Leschinsky commented on Mr. Pisko's post, noting that he was also aware of the problem and concerned about the property.

9. On August 11, 2021, Mr. Pisko received a threatening phone call from the individuals who were the subject of his Facebook post. Mr. Pisko called the police to make a report.

10. Instead of investigating the individuals who threatened him, Caceres cited Mr. Pisko and Mr. Leschinsky for harassment pursuant to 18 Pa. C.S. § 2709(a)(3). Caceres documented the basis for such charges as being that Pisko and Leschinsky "post[ed] comments on social media and ma[de] gestures."

11. The social media comments posted by Mr. Pisko and Mr. Leschinsky constituted constitutionally protected speech.

12. Additionally, Caceres knew that Mr. Pisko and Mr. Leschinsky had made no such gestures. Instead, Mr. Pisko had reported to Caceres that the individuals who threatened him regularly made obscene hand gestures at him when he had to drive by their property.

13. After a preliminary hearing, all charges against Mr. Pisko and Mr. Leschinsky were dismissed.

COUNT ONE
(First Amendment Retaliation under § 1983)

14. Plaintiffs repeat and reallege each and every allegation made above as if fully repeated herein.

15. At all times Mr. Pisko and Mr. Leschinsky engaged in speech protected by the First Amendment.

16. The harassment citations issued by Caceres were motivated by Mr. Pisko's and Mr. Leschinsky's protected speech.

17. The harassment citations issued by Cacere constituted adverse action which would deter a person of ordinary firmness from continuing to engage in the speech engaged in by Mr. Pisko and Mr. Leschinsky.

18. The harassment citations were issued without probable cause.

19. Caceres' initiation of the harassment citations against Mr. Pisko and Mr. Leschinsky proximately caused them damage.

COUNT TWO
(Malicious Prosecution)

20. Plaintiffs repeat and reallege each and every allegation made above as if fully repeated herein.

21. Caceres caused criminal proceedings to be initiated against Mr. Pisko and Mr. Leschinsky.

4

22. Caceres caused such criminal proceedings to be initiated without probable cause.

23. Caceres also caused such criminal proceedings to be prosecuted knowing of the absence of probable cause.

24. Caceres initiated such criminal proceedings with malice or for an improper purpose.

25. The criminal proceedings terminated in favor of Mr. Pisko and Mr. Leschinsky.

26. Caceres' initiation of the criminal charges against Mr. Pisko and Mr. Leschinsky proximately caused them damage.

WHEREFORE, Plaintiffs demands judgment as follows:

A.   For Counts One and Two, an amount to be determined at trial, including punitive damages, plus interest;

B.   For Plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988;

C.   For the costs and disbursements incurred in this action; and

D. For such other and further relief as the Court deems just and proper.

DYLLER & SOLOMON, LLC

/s/ Tara. G. Giarratano, Esq.
Barry H. Dyller, Esq.
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860
Attorneys for Plaintiffs

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.